JONATHAN R. BASS (State Bar No. 75779)
THOMAS A. HARVEY (State Bar No. 235342)
WILLIAM A. GRAY (State Bar No. 325657)
COBLENTZ PATCH DUFFY & BASS LLP
One Montgomery Street, Suite 3000
San Francisco, California 94104-5500
Telephone: 415.391.4800
Facsimile: 415.989.1663
Email: ef-jrb@cpdb.com
        ef-tah@cpdb.com
        ef-wag@cpdb.com

SCOTT S. SLATER, Bar No. 117317
sslater@bhfs.com
BRADLEY J. HERREMA, Bar No. 228976
bherrema@bhfs.com
CHRISTOPHER R. GUILLEN, Bar No. 299132
cguillen@bhfs.com
BROWNSTEIN HYATT FARBER SCHRECK, LLP
2049 Century Park East, Suite 3550
Los Angeles, California  90067-3007
Telephone:    310.500.4600
Facsimile:    310.500.4602

Attorneys for Plaintiffs
DOUBLE VEE PROPERTIES, LLC; CALDERA
RANCH, LLC; HUNDRED ACRE LLC, and
THE HUNDRED ACRE WINE GROUP, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

| | |
|---|---|
| DOUBLE VEE PROPERTIES, LLC, a Delaware limited liability company; CALDERA RANCH, LLC, a California limited liability company; HUNDRED ACRE LLC, a Nevada limited liability company; and THE HUNDRED ACRE WINE GROUP, INC., a Delaware corporation, <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF NAPA, a political subdivision of the State of California; and BRIAN BORDONA, in his official capacity as Director of Planning, Building and Environmental Services, <br><br> Defendants. | Case No. 3:23-cv-04546-AGT <br><br> **JOINT CASE MANAGEMENT STATEMENT** <br><br> Date:   January 19, 2024 <br> Time:   10:00 AM <br> Place:  Courtroom A, 15th Floor <br> Before: Hon. Alex G. Tse <br><br><br> Action Filed:   September 5, 2023 <br> Trial Date:   None Set |

26944980.4

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
2049 Century Park East, Suite 3550
Los Angeles, CA 90067-3007

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
2049 Century Park East, Suite 3550
Los Angeles, CA 90067-3007

1    Pursuant to this Court's Civil Standing Order, the Standing Order for All Judges of the

2    Northern District of California, and Civil Local Rule 16-9, the parties to the above-entitled action

3    have met and conferred and hereby submit this Joint Case Management Statement in advance of

4    the Case Management Conference scheduled for January 19, 2024 at 10:00 AM.

5    **1.    <u>JURISDICTION & SERVICE</u>**

6    Plaintiffs assert the Court has subject matter jurisdiction over this action pursuant to 28

7    U.S.C. §§ 1331 and 1343, and 42 U.S.C. § 1983, as the Complaint asserts claims under the Fifth

8    and Fourteenth Amendments of the United States Constitution. Plaintiffs assert the Court also has

9    subject matter jurisdiction over the Complaint's state law claims pursuant to 28 U.S.C. § 1367.

10   Defendants have been served and have filed a Motion to Dismiss without contesting this Court's

11   personal jurisdiction.

12   **2.    <u>FACTS</u>**

13   **A.    <u>Plaintiffs' Statement of Facts</u>**

14   Plaintiffs own property in the County of Napa that overlies the Napa Valley Subbasin

15   ("Subbasin"). As part of their ownership of this property, Plaintiffs have overlying rights to produce

16   groundwater from the Subbasin, and Plaintiffs exercise those rights (i.e., produce water) to cultivate

17   wine grapes on their respective properties. In June 2022, Plaintiffs Double Vee Properties, LLC,

18   Caldera Ranch, LLC, and Hundred Acre LLC filed permit applications with the Defendant County

19   of Napa to construct new wells on their properties. Also in June 2022, Defendants County of Napa

20   and Brian Bordona began to develop new water use criteria and well permitting policies (the "New

21   Well Policies"), which, among other things, imposed a condition on new non-exempt wells located

22   within the Subbasin that limits extraction from such wells to 0.3 acre-feet per acre ("Extraction

23   Limitation"). The Extraction Limitation contradicts Defendant County of Napa's existing well

24   permitting ordinance, and lacks legal, scientific, and rational justification. Defendants have refused

25   to process Plaintiffs' well permit application unless Plaintiffs commit to abiding by the Extraction

26   Limitation and other restrictions in the New Well Policies. Plaintiff Hundred Acre Wine Group

27   would submit an application for a new well permit but for the fact that it knows Defendants would

28   refuse to process the application unless Plaintiff Hundred Acre Wine Group commits to abiding by

26944980.4

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
2049 Century Park East, Suite 3550
Los Angeles, CA 90067-3007

1  the Extraction Limitation and other restrictions in the New Well Policies. Defendants' actions have

2  deprived Plaintiffs of the use of their groundwater rights, which have substantially impaired the

3  value of Plaintiffs' properties.

4        **B.**    **Defendants' Statement of Facts**

5       In March 2022, California Governor Newsom issued Emergency Executive Order N-7-22

6  (EO) owing to the "states of emergency that continue today and exist across all the counties of

7  California, due to extreme and expanding drought conditions." The EO prohibits all counties, cities,

8  and public agencies from approving or issuing permits for new groundwater wells without certain

9  required findings and verifications by the public agency and groundwater sustainability agency

10  (GSA) with jurisdiction over the Subbasin.

11       In response to the EO, Napa County and the Napa County GSA developed the "Napa

12  County and GSA Response to the Governor's Emergency Executive Order N-7-22" (the

13  aforementioned "New Well Policies"). The New Well Policies include a reduced water use criteria

14  of 0.3 acre-feet per acre for new non-exempt well permits. (Permits for replacement wells, or

15  permits for alterations to existing wells, require that those wells conform to water use that is no

16  more than the current water use.) The 0.3 acre-feet limit was based on Napa County GSA's

17  estimated sustainable yield of 15,000 acre-feet of groundwater within the total subbasin area of

18  45,900 acres.

19       On June 7, 2022, the County's Board of Supervisors, who are also the Napa County GSA's

20  Board of Directors, approved the New Well Policies.

21       On June 8, 2022, and then on June 17, 2022, three of the four Plaintiffs filed well permit

22  applications. Those applications remain incomplete because the applicants have not furnished all

23  required information to process their applications, including information unrelated to the 0.3 acre-

24  feet limitation about which Plaintiffs complain.

25  **3.**    **LEGAL ISSUES**

26        **A.**    **Plaintiffs' Position**

27       Plaintiffs anticipate the following legal issues will be argued in this case based on the

28  allegations presently at issue in the Complaint:

26944980.4

JOINT CASE MANAGEMENT STATEMENT

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
2049 Century Park East, Suite 3550
Los Angeles, CA 90067-3007

- Whether Defendants' implementation of the New Well Policies violates the Takings Clause of the Fifth Amendment to the United States Constitution by imposing the Extraction Limitation on Plaintiffs' new well applications;

- Whether Defendants' implementation of the New Well Policies violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution by applying, without a rational basis, the Extraction Limitation on Plaintiffs' new well applications;

- Whether Defendants' implementation of the New Well Policies violates California law by lacking the necessary findings and ignoring California water rights law;

- Whether Defendants violated the law by failing to issue Plaintiffs' new well permits ministerially; and,

- Whether the County's cross-complaint filed in the State Court Case (see Section 10 below) deprives Plaintiff Hundred Acre Wine Group of its rights, privileges, and immunities secured by the First Amendment of the United States Constitution.

### B.   Defendants' Position

In addition to the legal issues identified above, or to the extent not embraced by them, Defendants anticipate the following additional legal issues will be argued in this case based on the allegations presently at issue in the Complaint:

- Whether the New Well Policies comply with and are consistent with Governor Newsom's Emergency Executive Order N-7-22 (EO), California's Sustainable Groundwater Management Act (SGMA; Water Code § 10720 et seq.), and the County's and Napa County GSA's authority to manage groundwater resources within their boundaries;

- Whether Plaintiffs' claims are timely or ripe or valid claims at all;

- The nature and extent of Plaintiffs' claimed water rights;

- The intersection of California water law, SGMA, the EO, and the County's authority to manage land and resource use in the County;

26944980.4

JOINT CASE MANAGEMENT STATEMENT

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
2049 Century Park East, Suite 3550
Los Angeles, CA 90067-3007

- Whether the County's filing of a cross-complaint in the State Court Case is itself protected activity and which gives no rise to liability in this case.

**4.  MOTIONS**

Defendants filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure ("FRCP") Rules 12(b)(1) and 12(b)(6) on October 31, 2023. ECF No. 17. The Motion was fully briefed as of December 18, 2023 and is set to be heard by the Court on January 19, 2024 at 10:00 AM.

Plaintiffs anticipate filing a motion for summary judgment or adjudication under FRCP Rule 56. Plaintiffs also anticipate law and motion practice with respect to discovery issues that cannot be resolved by consent.

Defendants anticipate filing a motion for summary judgment or adjudication under FRCP Rule 56. Defendants also anticipate law and motion practice with respect to discovery issues that cannot be resolved by consent.

**5.  AMENDMENT OF PLEADINGS**

Plaintiffs do not plan to amend the Complaint at this juncture. Plaintiffs assert that, if Defendants take further prejudicial action with respect to Plaintiffs, Plaintiffs may seek leave to amend the Complaint accordingly. Further, if the Court grants Defendants' Motion to Dismiss, Plaintiffs request leave to amend with 21 days to file an amended pleading.

Defendants have not yet filed an answer owing to their pending Motion to Dismiss.

**6.  EVIDENCE PRESERVATION**

The parties certify they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information, and met and conferred pursuant to FRCP Rule 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. Plaintiffs have taken appropriate steps to preserve potentially relevant evidence. Defendants have taken appropriate steps to preserve potentially relevant evidence.

26944980.4

**7.   DISCLOSURES**

The parties have stipulated to continue the deadline by which to serve FRCP Rule 26(a) initial disclosures to February 19, 2024. The parties agreed to the continuance as they believe the Court's ruling on Defendants' Motion to Dismiss will inform such disclosures.

**8.   DISCOVERY**

No party has served discovery requests at this time.  The parties stipulated to continue the deadline by which to serve FRCP Rule 26(a) initial disclosures to February 19, 2024—which is anticipated to occur after the Court's ruling on Defendants' Motion to Dismiss. The parties believe the Court's ruling on Defendants' Motion to Dismiss will inform the scope of FRCP Rule 26(a) initial disclosures and discovery.

**A.   Plaintiffs' Position**

Plaintiffs contemplate propounding the following written discovery in the Spring and Summer 2024 on the following subjects: (i) Defendants' well permitting policies and the implementation of those well permitting policies; (ii) Defendants' formulation and implementation of the New Well Policies; (iii) Defendants' affirmative defenses; (iv) records relating to groundwater extraction and use in the County; (v) new well permit applications received and issued by Defendants; (vi) Defendants' analysis of drought conditions in the County; (vii) Defendants' communications concerning the Governor's Executive Order; and (viii) communications concerning Plaintiffs. Plaintiffs anticipate noticing oral depositions of current and former staff of Defendant County of Napa on the same subjects in the Fall of 2024. Plaintiffs further anticipate noticing less than 10 non-expert depositions in total. Following conclusion of the depositions described above, Plaintiffs anticipate retention of expert witnesses concerning Subbasin hydrogeology and the valuation of Plaintiffs' property and damages incurred by Plaintiffs due to Defendants' actions, and participating in discovery related to any expert witness(es) retained by Defendants. Plaintiffs anticipate that expert discovery can be completed by the end of January 2025.

Plaintiffs will draft and exchange proposed stipulated agreements they believe to be necessary for discovery to commence. These agreements may include: (1) a stipulated protective

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
2049 Century Park East, Suite 3550
Los Angeles, CA 90067-3007

26944980.4

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
2049 Century Park East, Suite 3550
Los Angeles, CA 90067-3007

order for material that must be kept confidential, (2) an ESI protocol, and (3) an expert discovery agreement.

**B.      Defendants' Position**

Defendants anticipate propounding written discovery on the following subjects: (i) Plaintiffs' claims and the evidence supporting them; (ii) Plaintiffs' ownership of their alleged properties; (iii) Plaintiffs' alleged water rights; (iv) Plaintiffs' properties and their history of water use; (v) Plaintiffs' well permit applications; and (vi) Plaintiffs' alleged damages. Defendants anticipate noticing oral depositions of Plaintiffs and their personnel on the same subjects. Defendants anticipate noticing fewer than 10 non-expert depositions in total. Defendants anticipate retaining and/or relying upon expert witnesses concerning the matters identified by plaintiffs (i.e., subbasin hydrogeology and the valuation of Plaintiffs' property and damages allegedly incurred by Plaintiffs), as well as drought and water conditions, and participating in discovery related to those experts and any expert witness(es) retained by Plaintiffs.

**9.    CLASS ACTIONS**

The case is not a class action.

**10.    RELATED CASES**

There are no related cases or proceedings presently pending before another judge of this Court. Plaintiff Hundred Acre Wine Group filed a lawsuit against the County in the Superior Court of Napa County entitled *Hundred Acre Wine Group v. County of Napa*, Napa County Superior Court Case No. 22CV001166 ("State Court Case"). Plaintiffs assert that the County's actions in the State Court case give rise the Sixth Claim for Relief in the Complaint in this matter.

**11.    RELIEF**

**A.      Plaintiffs' Position**

As set forth in the Complaint, Plaintiffs seek compensatory and consequential damages, and injunctive and declaratory relief. Plaintiffs do not yet have a calculation of their damages as they are ongoing, but they will include information relating to their initial computation in their initial disclosures pursuant to FRCP Rule 26(a)(1)(A). Plaintiffs seek an injunction prohibiting the County from enforcing the New Well Policies and a declaration that the New Well Policies violate

26944980.4

California law (including California water law and the California Government Code), and the United States Constitution. Plaintiffs' also seek attorneys' fees and costs pursuant to statutory authority.

### B. Defendants' Position

Defendants deny that the New Well Policies are unlawful, or that Defendants have engaged in any unlawful or actionable conduct, and Defendants deny that Plaintiffs are entitled to the unspecified damages and other relief they are seeking.

## 12. SETTLEMENT AND ADR

Counsel for each of the parties discussed preliminarily the prospects of informal settlement discussions and the selection of an ADR process pursuant to Civil Local Rule 16-8(b) and ADR Local Rule 3-5(b). Counsel did not agree to any particular ADR process, but will be prepared to discuss ADR options at the upcoming conference.

Plaintiffs are willing to participate in a settlement conference pursuant to ADR Local Rule 7 once any dispositive motions have been ruled upon by this Court.

Defendants are willing to participate in an early neutral evaluation pursuant to ADR Local Rule 5.

## 13. OTHER REFERENCES

Plaintiffs assert that this case is not suitable for reference to other courts or administrative bodies.

## 14. NARROWING OF ISSUES

Plaintiffs assert that the legal issues identified in Section 3 may be narrowed after the parties file dispositive motions.

## 15. EXPEDITED TRIAL PROCEDURE

The Expedited Trial Procedure of General Order 64, Attachment A was abrogated in October 2023.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
2049 Century Park East, Suite 3550
Los Angeles, CA 90067-3007

26944980.4

Case No. 3:23-CV-04546-AGT

JOINT CASE MANAGEMENT STATEMENT

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
2049 Century Park East, Suite 3550
Los Angeles, CA 90067-3007

**16.    SCHEDULING**

**A.    Plaintiffs' Proposal**

Plaintiffs believe that it is premature to set a schedule by which the action should proceed until such time as the Court has ruled upon the Motion to Dismiss.  However, assuming that the Motion to Dismiss will be denied, Plaintiffs propose the following schedule:

1.    Experts to be designated by November 1, 2024;

2.    Discovery cutoff of January 31, 2025;

3.    All dispositive motions to be filed no later than March 3, 2025;

4.    Settlement Conference to be held on or after April 11, 2025—after any dispositive motions are heard;

5.    Final Pretrial Conference to be held by May 2, 2025; and

6.    Trial to commence on or after May 5, 2025.

**B.    Defendants' Proposal**

Defendants agree that it is premature to set a schedule by which the action should proceed until such time as the Court has ruled upon the pending Motion to Dismiss. If the Motion is granted and Plaintiffs amend, further pleading challenges may be necessary. If, however, the Motion is denied, Defendants are generally amenable to Plaintiffs' proposed schedule, except that, as indicated above, Defendants are amenable to early neutral evaluation which is not accounted for in the above schedule.

**17.    TRIAL**

Plaintiffs have demanded a jury trial. Plaintiffs estimate trial will take between two and three weeks given the claims presently at issue.

Defendants are amenable to a bench trial, and contend it is premature to estimate the amount of time needed for trial until pleading issues are resolved. However, at present Defendants do not anticipate that this case would take longer to try than Plaintiffs' estimate.

**18.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Plaintiffs have filed the Certification of Interested Entities or Persons required by Civil Local Rule 3-15. Plaintiffs attest that no publicly held corporation owns 10% or more stock of any

26944980.4

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
2049 Century Park East, Suite 3550
Los Angeles, CA 90067-3007

1    of Plaintiffs Double Vee Properties, LLC, Caldera Ranch, LLC, Hundred Acre, LLC, or the

2    Hundred Acre Wine Group. Plaintiffs further attest that the following persons, firms, partnerships,

3    corporations (including parent corporations) or other entities known by the party to have either: (i)

4    a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any

5    other kind of interest that could be substantially affected by the outcome of the proceeding: Jayson

6    Woodbridge.

7          Defendants understand that, per Civil Local Rule 3-15(a), the disclosure requirement does

8    not apply to them, i.e., a California county and one of its personnel sued "in his official capacity."

9    **19.      PROFESSIONAL CONDUCT**

10         All attorneys of record have reviewed the Guidelines for Professional Conduct for the

11   Northern District of California.

13   Dated: January 12, 2024

       BROWNSTEIN HYATT FARBER
       SCHRECK, LLP

15     By: */s/ Christopher R. Guillen*
            SCOTT S. SLATER
16          BRADLEY J. HERREMA
            CHRISTOPHER R. GUILLEN

18     Attorneys for Plaintiffs
       DOUBLE VEE PROPERTIES, LLC;
19     CALDERA RANCH, LLC; HUNDRED ACRE
       LLC, AND THE HUNDRED ACRE WINE
20     GROUP, INC.

21   Dated: January 12, 2024

       PARIS KINCAID WASIEWSKI, LLP

22     By: */s/ Jonathan R. Marz*
            VALERIE C. KINCAID
23          JONATHAN R. MARZ

24     Attorneys for Defendants
25     NAPA COUNTY and BRIAN BORDONA

26944980.4

**<u>FILER'S ATTESTATION</u>**

Pursuant To Civil Local Rule 5-1(i)(3), I attest under penalty of perjury that concurrence in the filing of the foregoing documents has been obtained from all other signatories to this document.

Dated: January 12, 2024                                      By: */s/Christopher R. Guillen*           _

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
2049 Century Park East, Suite 3550
Los Angeles, CA 90067-3007

26944980.4

JOINT CASE MANAGEMENT STATEMENT